IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| CLAUDIA RISNER, | |
| Plaintiff, | |
| v. | 2:24-CV-202-Z-BR |
| THOMAS E. CREEK VA MEDICAL CENTER, *et al.*, | |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is a Motion for Summary Judgment ("Motion"), filed June 2, 2025, by Government Defendant Denis McDonough in his official capacity as Secretary of the Department of Veterans Affairs ("Government Defendant").[1] ECF No. 51. Plaintiff responded on July 7, 2025. ECF No. 61. Government Defendant replied on July 11, 2025. ECF No. 63. The Motion is now ripe. Having reviewed the Motion, briefing, and relevant law, the Motion is **GRANTED**.

**BACKGROUND**

Plaintiff Claudia Risner is employed as a registered nurse at the Thomas E. Creek Department of Veterans Affairs ("VA") Medical Center in Amarillo, Texas. ECF Nos. 48 at 3, 52 at 7. Plaintiff alleges that in March 2020, she was subject to sexual harassment by Dr. Tatah, a physician working for the VA Medical Center. *Id.* Plaintiff claims that she was

---

[1] Government Defendant asserts that Plaintiff "improperly names Thomas E. Creek VA Medical Center and the Department of Veterans Affairs as additional parties in the case." ECF No. 51 at 1 n.1. This is because "[t]he proper defendant in a Title VII claim is 'the head of the department, agency, or unit, as appropriate.'" *See Kaswatuka v. U.S. Dep't of Homeland Sec.*, 7 F.4th 327, 331 (5th Cir. 2021) (citing 42 U.S.C. § 2000e-16(c)). The Court agrees. Thus, Defendant Denis McDonough, in his official capacity as Secretary of the Department of Veterans Affairs, is the "head of the department" and the only proper defendant as to Plaintiff's Title VII cause of action.

subject to "sexually disparaging comments and touching from Dr. Tatah," and that he "continued to make advances on [her] up until December 2022." ECF No. 48 at 3–4.

In January 2023, Plaintiff informed her supervisor, ER Nurse Manager Leslie Gutz, of the alleged harassment. ECF No. 52 at 7. Gutz then began the informal complaint process by drafting a Report of Contact and "reporting the incident to management, the [Equal Employment Opportunity ("EEO") office], and/or the VA police." *Id.* Both a criminal investigation by VA Police and a non-criminal fact-finding investigation by the Chief of Health Administration Services followed. *Id.* at 7–8. The criminal investigation was ultimately closed, and the non-criminal investigation concluded that both Plaintiff and Dr. Tatah made "inappropriate comments" and that there was "insufficient evidence to substantiate the allegations" of inappropriate touching. *Id.*

Following the results of the non-criminal investigation, Chief of Inpatient Services Michelle Isham informed Plaintiff via memorandum that "[a]ppropriate action [had] been taken by management" but that Plaintiff could still "use the EEO system or file a formal complaint with the EEO Office of Resolution Management (ORM)." ECF No. 53-1 at 28. Plaintiff was also informed that she had "45 days from the date of the matter alleged to be discriminatory, or in the case of a personnel action, within 45 days of the effective date of the action to contact an ORM EEO Counselor." *Id.* at 28–29.

Plaintiff proceeded to contact the VA's EEO office on two occasions: once on November 3, 2023 ("Complaint One"), and again on January 31, 2024 ("Complaint Two"). ECF No. 53-1 at 37. As to Complaint One, the EEO office has no record of the nature of the complaint. ECF No. 53-1 at 34. The EEO scheduled a counseling interview, but Plaintiff canceled the interview and voluntarily withdrew her complaint. *Id.* at 38 (Plaintiff stating over email that she "wish[es] to withdraw and close [her] case"); ECF No. 52 at 9. The EEO office closed the

case and informed Plaintiff of the closure, as well as of her rights and responsibilities during the EEO complaint process. ECF No. 53-1 at 39.

As to Complaint Two, Plaintiff alleged that she was subjected to non-sexual harassment by co-worker Tammy Green and supervisor Christina Fleeman. ECF No. 53-1 at 34–35. After Plaintiff filed Complaint Two, EEO counselor Tina Moeinian provided her with a Notice of Rights and Responsibilities, conducted a telephone interview, and emailed an Initial Interview Summary following the call. ECF No. 53-1 at 35. Six weeks later, Moeinian informed Plaintiff that the informal EEO process period had expired and issued a Notice of Right to File a Discrimination Complaint. *Id.* This Notice told Plaintiff she could either file a formal administrative EEO complaint within fifteen calendar days or choose to take no further action. *Id.* at 35–36. Only after filing a formal EEO complaint, proceeding through the additional steps of the administrative process, and receiving a final agency decision could Plaintiff appeal or file a civil action in federal district court. Plaintiff took no further action within the fifteen-day period; accordingly, the EEO office closed Complaint Two on April 4, 2024. *Id.* at 36.

Five months later, Plaintiff filed the instant suit and asserted two causes of action in her Original Complaint: (1) hostile work environment based on sex and gender discrimination under Title VII, and (2) sexual assault claims under Texas law. ECF No. 1 at 6. Plaintiff's Amended Complaint added a third and fourth cause of action: (3) assault and battery under Texas law, and (4) intentional infliction of emotional distress under Texas law. ECF No. 48 at 8–9. Only the Title VII hostile work environment claim is brought against Government Defendant; all remaining claims are brought against Dr. Tatah.[2] *Id.*

---

[2] As of the date of this Opinion, Plaintiff and Dr. Tatah represent they have "reached an agreement with respect to Plaintiff's claims against Dr. Tatah (and only those claims against Dr. Tatah)." ECF No. 66 at 1. Plaintiff and the Government Defendant have "agreed to defer mediation" based on this pending Motion for Summary Judgment. *Id.* at 2.

Government Defendant then filed this Motion for Summary Judgment seeking dismissal of the Title VII claim. ECF No. 52 at 12.

### LEGAL STANDARD

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A fact is "material" if its existence or non-existence "might affect the outcome of the suit under the governing law," and the dispute about a material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A plaintiff's subjective beliefs, conclusory allegations, speculation, or unsubstantiated assertions are insufficient to survive summary judgment. *See Carnaby v. City of Houston*, 636 F.3d 183, 187 (5th Cir. 2011).

### ANALYSIS

Government Defendant asserts that Plaintiff's Title VII claim against the VA fails because Plaintiff "did not exhaust her administrative remedies as to *sexual* harassment, *non-sexual* harassment, or retaliation." ECF No. 52 at 14 (emphasis in original). Plaintiff disagrees, arguing that she was not "fully aware that she was foreclosing her ability to bring a lawsuit against the VA Hospital or Government Defendants" and that she has had "zero opportunity to refute the factual positions taken." ECF No. 61 at 4. Plaintiff further asserts that, should the Court grant Government Defendant's Motion, "she was precluded from pursuing her claims fairly or without retribution, making them subject to equitable tolling." *Id.*

Title VII of the Civil Rights Act "provides for private causes of action arising out of employment discrimination and gives federal courts subject matter jurisdiction to resolve such disputes." *Davis v. Fort Bend Cnty.*, 893 F.3d 300, 303 (5th Cir. 2018). In particular,

Title VII maintains that it is unlawful for an employer "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e *et seq.* The exclusive remedy for claims of discrimination by federal employees is provided in 42 U.S.C. § 2000e-16. *Henderson v. U.S. Veterans Admin.*, 790 F.2d 436, 439 (5th Cir. 1986). Plaintiff is within the exclusive reach of this statute, as VA nurses are federal employees.

Before a Title VII plaintiff may seek judicial recourse, however, she must exhaust administrative remedies. The Equal Employment Opportunity Commission ("EEOC"), or the EEO division of a federal employee's agency, has the authority to enforce the statutory mandates regarding employment discrimination claims brought under Title VII.[3] *Henderson*, 790 F.2d at 439. This authority also includes promulgating regulations requiring plaintiffs to exhaust administrative remedies—an "absolute prerequisite" to suit under Section 2000e-16. *Porter v. Adams*, 639 F.2d 273, 276 (5th Cir. 1981).

> The administrative exhaustion process goes something like this:
>
> Federal employees claiming illegal discrimination need first consult with an EEO counselor within the employing agency. *See* 29 C.F.R. § 1614.105(a). If the EEO counselor is unable to resolve the matter informally, the counselor notifies the employee of his right to file a formal administrative complaint with the employing agency. *See id.* § 1614.105(d). After investigating the complaint, the employing agency may attempt to settle the matter by making an offer of "full relief" to the complainant. *See id.* §§ 1614.107(h), 1614.501.
> . . . .
> If the complaining employee refuses to accept an offer that has been certified as an offer of "full relief" by the EEOC, the employing agency must dismiss the employee's complaint. *See id.* § 1614.107(h). The employee may then seek EEOC review of the dismissal, *see id.* § 1614.401, and may also bring suit in federal district court. *See* 42 U.S.C. § 2000e–16(c); 29 C.F.R. §§ 1614.408.

---

[3] Federal employees must exhaust administrative remedies by filing a charge of discrimination with the EEO division of their agency. Private-sector employees, however, must file an administrative charge with the EEOC. *Pacheco v. Mineta*, 448 F.3d 783, 787, 788 n.6 (5th Cir. 2006).

5

*Fitzgerald v. Sec'y, U.S. Dep't of Veterans Affs.*, 121 F.3d 203, 206 (5th Cir. 1997). In short, a civil action can only be filed in federal court after the agency has completed the above process and taken final action on a complaint of discrimination, or, if no final action is taken, after 180 days have elapsed from the filing of the complaint. 42 U.S.C. § 2000e-16(c); *Porter*, 639 F.2d at 276. If not satisfied with a final agency decision, a plaintiff must either appeal to the EEOC within thirty days or commence a civil action within ninety days. 42 U.S.C. § 2000e-16(c). And while this exhaustion requirement is not jurisdictional, "non-jurisdictional does not mean non-mandatory"—administrative exhaustion, therefore, remains a precondition to filing suit in federal district court. *Jordan v. Ironworkers Loc. 263*, No. 4:21-CV-175, 2022 WL 161521, at *4 (N.D. Tex. Jan. 3, 2022); *Stroy v. Gibson ex rel. Dep't of Veterans Affs.*, 896 F.3d 693, 698 (5th Cir. 2018).

### I. Plaintiff's Sexual Harassment Claims

Here, Plaintiff has failed to exhaust administrative remedies as to any sexual harassment claims prior to filing suit.[4] The subject matter of Complaint One is unknown, and Complaint Two contemplates *non-sexual* harassment. Thus, the VA's EEO office was not afforded an opportunity to contemplate any sexual harassment claims prior to Plaintiff filing suit. And, even if Complaint One *did* concern Plaintiff's alleged sexual harassment, Plaintiff affirmatively expressed her desire to withdraw her complaint and close her case. ECF No. 53-1 at 38. (Plaintiff stating over email that she "wish[es] to withdraw and close [her] case"). By doing so, Plaintiff abandoned her case and foreclosed the opportunity for final agency action. That Plaintiff argues she "at no time [intended] to foreclose herself from pursing [sic] a claim" against Government Defendant is immaterial. ECF Nos. 61 at 5, 53-1 at 47–52

---

[4] Plaintiff's Title VII hostile work environment claim is considered a sexual harassment claim. *See Cerda v. Blue Cube Operations, L.L.C.*, 95 F.4th 996, 11003 (5th Cir. 2024) ("Title VII recognizes two types of sexual harassment claims: *quid pro quo* claims and hostile work environment claims.").

(Notice of Rights and Responsibilities). Accordingly, Plaintiff has failed to exhaust her administrative remedies as to any sexual harassment claims. *See, e.g., Munoz v. Aldridge*, 894 F.2d 1489, 1493 (5th Cir. 1990) (noting that "notwithstanding the passage of 180 days, plaintiffs who resort to the administrative process but do not cooperate in the proceedings can thereby fail to exhaust their administrative remedies"); *Filer v. Donley*, 690 F.3d 643, 647 (5th Cir. 2012) (discussing how "an employee may not base a Title VII claim on an action that was not previously asserted in a formal charge of discrimination to the EEOC").

## II. Plaintiff's Non-Sexual Harassment Claims

The Court also finds Plaintiff failed to exhaust administrative remedies as to any non-sexual harassment claims, to the extent it is relevant here. Complaint Two, filed with the EEO on January 31, 2024, alleges Plaintiff was subjected to non-sexual harassment by co-worker Tammy Green and supervisor Christina Fleeman. ECF Nos. 48 at 5–6, 53-1 at 34–35. This treatment, Plaintiff claims, was done "in retaliation for filing the investigation" against Dr. Tatah. ECF No. 48 at 5. However, Plaintiff brings only a hostile work environment claim based on sex and gender discrimination under Title VII—*not* a retaliation claim. ECF No. 48 at 7. Retaliation and hostile work environment claims are different under Title VII. *Compare Long v. Eastfield Coll.*, 88 F.3d 300, 304 (5th Cir. 1996) ("A plaintiff establishes a prima facie case for unlawful retaliation by proving (1) that she engaged in activity protected by Title VII, (2) that an adverse employment action occurred, and (3) that a causal link existed between the protected activity and the adverse employment action."), *with Harvill v. Westward Comms., LLC*, 433 F.3d 428, 434 (5th Cir. 2005) (requiring a plaintiff to demonstrate that "(1) she is member of a protected group; (2) she was the victim of uninvited sexual harassment; (3) the harassment was based on sex; (4) the harassment affected a "term, condition, or privilege" of [plaintiff's] employment; and (5) her employer knew or should have known of the harassment and failed to take prompt remedial action").

7

To the extent Plaintiff intended to raise a retaliation claim in the instant case, it also fails for failure of administrative exhaustion. Plaintiff received a Notice of Right to File a Discrimination Complaint from the EEO, directing her to file a formal EEO complaint or take no action. ECF No. 53-1 at 35–36. Plaintiff chose the latter and the EEO closed the complaint. *Id.* Just as before, abandonment of the administrative procedure prior to obtaining a final agency decision renders administrative exhaustion unsatisfied. *See, e.g., Munoz*, 894 F.2d at 1493.

### III. Equitable Tolling

Plaintiff argues that "she was precluded from pursuing her claims fairly or without retribution, making them subject to equitable tolling." ECF Nos. 61 at 4, 62-1 at 2–3. Plaintiff quotes *Lee v. Powell*, stating that equitable tolling is appropriate where "the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." ECF No. 61 at 5 (citing No. 4:01-CV-835, 2002 WL 31422959, at *3 (N.D. Tex. Oct. 22, 2002)). Government Defendant disagrees, contending that Plaintiff has not met her burden to show that she is entitled to equitable tolling. ECF No. 63 at 2.

Equitable tolling applies to the statutory time limits set forth in 42 U.S.C. § 2000e-16(c). *Lee*, 2002 WL 31422959, at *3. As Plaintiff correctly state, this doctrine has "been allowed in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Id.* Tolling may also be warranted where the plaintiff was not "adequately informed of the ninety-day time limit" in which to commence a civil action. *Id.*

Although there may be situations in which equitable tolling is appropriate, this is not one. First, Plaintiff's own declaration indicates that she was not induced or tricked into allowing the filing deadline to pass. Instead, she states that she felt "the EEO process was

8

hopeless" and that it was her understanding that "the supervisors and colleagues who were harassing [her] were friendly with the EEO office." ECF No. 62-1 at 3. These comments do not suggest to the Court that any EEO official induced or tricked Plaintiff about the administrative exhaustion process. Rather, Plaintiff chose—in both instances—to withdraw or abandon her complaint.

Second, Plaintiff has not argued that the ninety-day limitation period should be tolled. Nor should she, as the relevance of this limitations period arises only *after* final agency action has occurred. *See* 42 U.S.C. § 2000e-16(c) ("Within 90 days of receipt of notice of final agency action taken by a department, agency, or unit . . . ."). As discussed above, no final agency action was taken as to either of Plaintiff's EEO complaints. The principles of equitable tolling do not apply here.

Because the summary judgment record establishes that Plaintiff failed to timely exhaust her administrative remedies, Government Defendant is entitled to summary judgment on Plaintiff's Title VII claim. *See, e.g.*, *Pacheco v. Mineta*, 448 F.3d 783 (5th Cir. 2006) (affirming the district court's dismissal for failure to exhaust administrative remedies).

CONCLUSION

For the foregoing reasons, Government Defendant's Motion is **GRANTED**. Plaintiff's Title VII claim is **DISMISSED without prejudice**,[5] leaving only Plaintiff's claims against Defendant Dr. Tatah.

**SO ORDERED.**

October 10, 2025

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE

---

[5] When a district court dismisses a claim for failure to exhaust, the dismissal is without prejudice so a plaintiff has the option of returning to court after exhausting administrative remedies. *Stroy*, 896 F.3d at 698 n.2.